IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Kenneth Styles,<br>    Petitioner, | )<br>)<br>) |
| v. | )   1:10cv1320 (LO/TCB) |
| | ) |
| Harold W. Clarke,<br>    Respondent. | )<br>) |

## MEMORANDUM OPINION

Kenneth Styles, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court for the City of Norfolk, Virginia of attempted capital murder, two counts of use of a firearm in the commission of a felony, malicious wounding of a law enforcement officer, possession of a firearm by a convicted felon, six counts of maliciously shooting into an occupied vehicle, and damaging property. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Styles was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted to file no reply. For the reasons that follow, Styles's claims must be dismissed.

### I. Background

On May 11, 2006, Officer Thomas Atkinson of the Norfolk Police Office was on uniformed patrol in a marked police cruiser when he received a call for shots fired. See Pet. at 17, ECF No. 1. When Atkinson arrived at the area that had been reported, he saw Styles emerge from between two duplexes. Atkinson rolled his window down to ask Styles if he had seen or heard anything regarding the shots. From a distance of about fifteen feet, Styles pulled out a 22-caliber revolver and began shooting at Atkinson. Atkinson took cover and returned fire from the

1

driver's seat of his cruiser. Atkinson's right cheek was grazed by a bullet. Styles dropped his wallet while retreating to his mother's house. A negotiator talked Styles out of his mother's house and he was taken into custody. Id.

On August 20, 2007 in the Circuit Court for the City of Norfolk, Virginia, Styles was convicted of attempted capital murder, two counts of use of a firearm in the commission of a felony, malicious wounding of a law enforcement officer, possession of a firearm by a convicted felon, six counts of maliciously shooting into an occupied vehicle, and damaging property. Commonwealth v. Styles, Case Nos. CR06003316-00, CR06003316-01, CR06003316-02, CR06003316-03, CR07001511-00, CR07001511-01, CR07001511-02, CR07001511-03, CR07001511-04, CR07001511-05, CR07001511-06, CR07001511-07, CR07001511-08, CR07001511-09, ECF No. 11-1, 11-2. On February 11, 2008, the court sentenced him to life plus eighty-eight years and twelve months incarceration. Id., ECF No. 11-3, 11-4.

Styles pursued a direct appeal to the Court of Appeals of Virginia, arguing that (1) the trial court abused its discretion by failing to consider alternative punishment options when imposing his aggregate sentence, and (2) the trial court violated his due process rights when imposing his sentence. The Court of Appeals denied the petition for appeal on July 2, 2008. Styles v. Commonwealth, R. No. 2871-07-1 (Va. Ct. App. July 2, 2008), ECF No. 11-7. On November 25, 2008, the Supreme Court of Virginia refused Styles's petition for appeal. Styles v. Commonwealth, R. No. 081325 (Va. Nov. 25, 2008), ECF No. 11-10.

Styles then filed a petition for writ of habeas corpus in the Circuit Court for the City of Norfolk, arguing, inter alia, that the Commonwealth had "abused its discretion in trying [Styles] multiple times for the same identical offenses and multiple punishment for the same identical offenses in a single trial from a single course of conduct of criminal act," and that he had received ineffective assistance of counsel. See Order at 2-, ECF No. 11-11. The court dismissed

2

the petition on September 21, 2009. <u>Kenneth Styles v. Gene M. Johnson</u>, Case No. L-09-5073, ECF No. 11-11. Styles appealed to the Supreme Court of Virginia, which refused the appeal on March 3, 2010 and refused the petition for rehearing on April 21, 2010. <u>Kenneth Styles v. Gene M. Johnson</u>, R. No. 092436, ECF Nos. 11-12, 11-13.

On October 28, 2010, Styles filed the instant federal habeas petition, in which he argues that

> (1) The Norfolk Circuit Court erred by not considering alternative punishment sentencing options when sentencing [Styles].
>
> (2) The Court of Appeals erred in not [sic] holding that the Norfolk Circuit Court did not abuse its discretion when it did not consider alternative punishment sentencing options when sentencing [Styles].
>
> (3) The courts and the Commonwealth abused its [sic] discretion in trying [Styles] multiple times for the same identical offense in a single trial from a single course of conduct and criminal act.
>
> (4) Defendant counselor [sic] was ineffective at trial in not raising obvious and significant issues at trial and sentencing phase.
>
> (5) Counselor was ineffective at trial by allowing the courts and Commonwealth to try [Styles] multiple times for the same identical offenses and multiple punishment for the same identical offense in a single trial from a single course of conduct and criminal act.
>
> (6) Counselor was ineffective in knowing of defendant [sic] prior behavior mental condition and not further to investigate into it and his childhood, by not having a psychiatrist to testify at trial render trial unfundamental fair [sic] by not consulting with psychiatrist about prior mental health.
>
> (7) Counselor was ineffective at trial in not having [Styles] tested for insanity at the time of committed offenses, in which prejudice defendant of evidence to his innocence or guilt in which render trial unfundamental fair [sic] resulting from prior mental health illness.
>
> (8) Counselor was ineffective at the sentencing phase in bringing up [Styles's] prior childhood and letter from Eastern State Hospital of [Styles's] mental health disorder and prior mental health disorder and not having a psychiatrist to testify to the facts and to the facts of future dangerousness. In which prejudice [Styles] of alternative punishment sentencing options by judge at sentencing.

(9) Because of counselor ineffectiveness at trial and sentencing phase in which prejudice [Styles] of raising claims on appeal at the appellate stages render ineffective of counsel at the appellate stage and which is in violation of the Sixth Amendment and Fourteen [sic] Amendment.

See Pet. at 16, 19, ECF No. 1.

## II. Claims (1) and (2): No Federal Question

Questions of state law that do not implicate federal rights are not cognizable on federal habeas under § 2254. Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) ("A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Styles has not demonstrated that he was deprived of any constitutional rights at sentencing. Accord Ewing v. California, 538 U.S. 11, 25 (2003) ("Selecting the sentencing rationales is generally a policy choice to be made by state legislatures, not federal courts."). Therefore, claims (1) and (2) will be dismissed.

## III. Claims (3)-(9): Procedural Default

Claims (3), (4), (5), (6), (7), (8), and (9) are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and

4

prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed petitioner's claims (3)-(9) as defaulted pursuant to Rule 5:17(c), which requires appellate litigants to brief assignments of error or risk waiver. Rule 5:17(c) constitutes an independent and adequate state ground for denying relief. See Hedrick v. True, 443 F.3d 342, 360-63 (4th Cir. 2006) (affirming the dismissal of a claim that was procedurally defaulted pursuant to Rule 5:17(c)). Respondent raised the issue of procedural default in the memorandum in support of the motion to dismiss. Styles did not file a reply to the Motion to Dismiss even though he was given an opportunity to do so. See Yeatts v. Angelone, 166 F.3d at 261-62. Styles has thus failed to show cause for his procedural default, and the Court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that the court should not consider the issue of prejudice in the absence of cause to avoid the risk of reaching an alternative holding), cert. denied, 517 U.S. 1171 (1996). Styles has also failed to demonstrate that dismissing these claims as procedurally defaulted would result in a fundamental miscarriage of justice. Therefore, claims (3), (4), (5), (6), (7), (8), and (9) will be dismissed.

### IV. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 31st day of August 2011.

/s/
Liam O'Grady
United States District Judge

Alexandria, Virginia